IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| v. | : | |
| LUIS RAMOS | : | NO. 02-801-01 |

MEMORANDUM

Bartle, J.                                                  June 28, 2011

  Before the court is the motion of defendant Luis Ramos to compel the government to file a motion under Rule 35(b) of the Federal Rules of Criminal Procedure. On August 20, 2003, Ramos pleaded guilty pursuant to a plea agreement with the government to conspiracy to distribute heroin, unlawfully maintaining a place for the manufacture of heroin, distribution of heroin, and possession with intent to distribute heroin. See 21 U.S.C. §§ 846, 856(a)(1), 841(a)(1), 841(b)(1)(a); 18 U.S.C. § 2.

  The plea agreement that Ramos signed with the government required him to assist the government in its prosecution of other individuals. In exchange, the government agreed that it would make certain motions if it believed Ramos's assistance to be substantial. The agreement further provided that

> Defendant agrees and understands that this
> agreement requires that his cooperation
> regarding any matter about which the
> defendant has knowledge as of the date of
> sentencing may continue even after the time
> that the defendant is sentenced. The
> defendant agrees that if in the government's

>     sole discretion the defendant fails to
>     cooperate the sentence may be set aside at
>     the government's request; any charges that
>     were dismissed under this agreement shall be
>     reinstated upon motion of the government; any
>     prosecution may be based on and use any
>     information provided by the defendant during
>     the course of cooperation; and the government
>     may withdraw any departure motion filed under
>     U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e) and/or
>     Rule 35.

On April 2, 2004, the court held a sentencing hearing for Ramos.  The government filed motions for a downward departure pursuant to § 5K1.1 and 18 U.S.C. § 3553(e).  At the sentencing hearing, the government recounted Ramos's assistance prior to that date and requested that the court "significantly depart[] both from the mandatory minimum and the guideline range."  The government also stated that "Mr. Ramos – or Mr. Delacruz – will be appearing before the Court again in the event that he does qualify for some sort of Rule 35 motion, if he continues to cooperate after – after the Court imposes sentence today."

The court calculated Ramos's guidelines range to be 324 months to 405 months in prison.  The court also noted that Ramos's crimes carried a 20-year mandatory minimum sentence.[1]  The court found that the assistance Ramos provided to the government was significant and useful and took into account the

---

1.  Those crimes that carried a 20-year mandatory minimum sentence were conspiracy to distribute one kilogram or more of heroin, unlawfully maintaining a place to manufacture controlled substances, distribution of one kilogram or more of heroin, and possession with intent to distribute more than one kilogram of heroin.  Ramos also pleaded guilty to two counts of distribution of more than 100 grams of heroin, which carried a 10-year mandatory minimum sentence.

truthfulness, completeness, and reliability of the information Ramos supplied, the risk of danger to Ramos and his family, and the timeliness of Ramos's assistance.  The court granted the government's motion for a downward departure pursuant to § 5K1.1 and 18 U.S.C. § 3553(e) and sentenced Ramos to 220 months in prison, followed by ten years of supervised release.

Ramos now seeks to compel the government to request a reduction in his sentence based on promises he alleges were made to him during plea negotiations, in the plea agreement, and at sentencing.  Rule 35(b)(1) of the Federal Rules of Criminal Procedure provides that "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35(b)(1).  Rule 35(b)(2) permits the court to reduce a sentence upon such a motion if the defendant's substantial assistance involved:

> (A) information not known to the defendant until one year or more after sentencing;
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2).  Ramos now argues that, in its plea agreement and at sentencing, the government promised to file such a motion and has now refused in bad faith to do so.

Rule 35(b) permits the court to reduce a defendants sentence in consideration of his assistance <u>after</u> sentencing. While the record is clear that Ramos provided substantial assistance to the government prior to his sentencing on April 2, 2004, there is no evidence of any kind that he continued to provide assistance after sentencing or that information he provided prior to sentencing became useful thereafter.  Even if it were not in the government's sole discretion as to whether Ramos's assistance was substantial enough to warrant moving for a reduction under Rule 35(b), there is no reason to believe that Ramos has rendered any assistance since April 2, 2004 or that assistance rendered prior thereto became useful at a later time. In his motion, Ramos fails to state even a single instance of his aid to the government after sentencing.

Accordingly, the motion of defendant Luis Ramos to compel the government to file a motion under Rule 35(b) will be denied.